# IN THE OREGON TAX COURT

**GARVEY, SCHUBERT & BARER,**
a partnership

*v.*

**DEPARTMENT OF REVENUE**

(TC 3026)

Jeffrey E. Boly, Garvey, Schubert & Barer, Portland, represented plaintiff.

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered December 24, 1992.

### CARL N. BYERS, Judge.

Plaintiff appeals from deficiencies assessed for Multnomah County business income taxes for the years 1983 through 1985.[1] The parties stipulated the facts, leaving only legal issues to be decided.

Prior to January 1, 1984, plaintiff consisted of three professional corporations practicing law in Oregon, Washington and Washington, D.C. The shareholders of each corporation are the attorneys licensed to practice law in each corporation's jurisdiction. On January 1, 1984, the attorneys

---

[1] Although 1983 is included in the appeal, the small deficiency does not appear to arise out of the dispute addressed by the parties.

organized plaintiff as a "joint venture" of the three professional corporations.

Plaintiff owns all of the property used by the three professional corporations. The support staff are employees of plaintiff. Plaintiff provides the support services, including the billing and collecting of fees for the business. The only employees of the professional corporations are attorneys.

The Multnomah County code in question imposes a tax on the income arising from any business conducted in the county. The code adopts the definition of "income" used by the State of Oregon for personal income or corporate excise or income tax purposes. Multnomah County, Or Code § 5.70.015 (hereinafter MCBIT).

In determining the amount of taxable income, the code contains MCBIT § 5.70.025(A), the particular provision giving rise to this dispute. It reads:

> "In determining income for sole proprietorships and partnerships, no deductions shall be allowed for any compensation for services rendered by or interest paid to owners, provided, however, that 75 percent of income determined without deduction of owner compensation or interest, not exceeding an amount equal to $50,000 multiplied by the number of owners, shall be allowed as a deduction in addition to any other allowable deductions."

Unlike an income tax which allows a full deduction for compensation paid, this provision allows no deduction. However, in lieu of a deduction for compensation paid, it allows a limited fixed deduction.[2]

---

[2] The code contains a similar provision for corporations.

"In determining income for corporations, no deductions shall be allowed for any compensation for services rendered by or interest paid to controlling shareholders, provided, however, that 75 percent of the corporation's income determined without deduction of compensation of interest, but not exceeding the lesser of the actual compensation and interest paid or $50,000 for each controlling shareholder, shall be allowed as a deduction in addition to any other allowable deductions. The term 'controlling shareholder' as used in this subsection means any person, who, together with that person's spouse, parents and children, is directly or indirectly the beneficial owner of more than five percent of any class of outstanding stock or securities of the taxpayer, the incidents of which ownership include the power to vote on the affairs or for the directors or other managers of the taxpayer." MCBIT § 5.70.025(B).

In its appeal, plaintiff takes the position that the partnership is not in the business of providing legal services. It contends that the substantial income earned should be attributed only to the professional corporations. This is contrary to the partnership agreement. The agreement refers to the partnership as a "joint venture for the conduct of the practice of law." It is also referred to as the "firm" which is engaged in the "business" of providing professional services through its partner corporations. The court finds that the income is partnership income.

The only remaining question is whether plaintiff's deduction under MCBIT § 5.70.025(A) is limited to $50,000 per partner in determining its taxable income. Defendant's opinion and order found distributions from the partnership to the corporations contain components of compensation and, therefore, constituted compensation to the owners. Defendant apparently found plaintiff was entitled to a deduction for only the three professional corporations, or a total of $150,000.[3] Defendant recognizes that its conclusion imposes a significantly larger tax on plaintiffs than would be incurred under another form of business organization.

MCBIT § 5.70.025(A) does not consider to whom compensation is paid or how much. It unqualifiedly allows a deduction even if no compensation is paid. The deduction is equal to 75 percent of the income as calculated prior to deduction of compensation or interest paid to the owners. However, the deduction is further limited in that it cannot exceed an amount equal to the number of owners multiplied by $50,000. Stated differently, the provision allows a deduction equal to $50,000 per owner up to a maximum of 75 percent of the income.

■ Significantly, MCBIT does not define the critical term "owner." In the absence of such definition by the code, the court will consider the business documents and the usual meaning of the word. Defendant's opinion and order appears

---

[3] Defendant did not state in its opinion and order what deduction it allowed for the owners of the partnership in accordance with MCBIT § 5.70.025(A). Based on the allegations in plaintiff's complaint, defendant appears to have upheld the auditor's adjustments, which limited the deduction to $150,000.

to assume the three partners are the owners.[4] However, that is not the case. Plaintiff's partnership agreement defines "owner" as follows:

> "Those individuals listed in Schedule 1 hereto, who are the owners of the legal entities currently comprising the law firm and will be the shareholders of the various Corporations. All of such individuals are collectively referred to herein from time to time as the 'Owners'."

■ The individuals described are not mere bystanders. Under the partnership agreement, the vote of the owners is required to make any changes in management structure, owner compensation, deferred compensation, ownership interests and virtually every other significant partnership decision. A catchall provision reads:

> "Any decision to take any other action which, under applicable corporation, partnership or other laws, requires for its approval a certain percentage vote by shareholders, directors or partners, shall also require the affirmative vote of the same percentage of the Owners as is specified by such laws, except in cases where a higher percentage vote of the Owners is specified herein."

These rights are consistent with those usually associated with an "owner" of a business. The court finds that the "owners" for purposes of computing the deduction allowed by MCBIT § 5.70.025(A) are the individuals described throughout the partnership agreement as such. Accordingly, plaintiff's deduction under MCBIT § 5.70.025 should be calculated by multiplying the total number of such owners by $50,000.

The court finds defendant's Opinion and Order No. 88-4232 must be set aside. Defendant shall recalculate plaintiff's obligations under MCBIT in accordance with this opinion and shall submit the computations to the court and plaintiff in accordance with TCR 65. Costs to neither party.

---

[4] The MCBIT return form, Schedule C, uses the term "partners" rather than the statutory term "owners."