MRI DIAGNOSTIC SERVICES CO.
*v.*
DEPARTMENT OF REVENUE
*and*
MULTNOMAH COUNTY, OREGON,
*Intervenor*
(TC 3565)

Roy D. Lambert, Schwabe, Williamson and Wyatt, Portland, represented plaintiff.

No appearance by defendant.

Jay Michael Doyle, Multnomah County Counsel, Portland, represented intervenor.

Decision rendered for intervenor May 17, 1994.

**CARL N. BYERS, Judge.**

This matter is before the court on cross motions for summary judgment. The sole issue is whether the Multnomah County Business Income Tax (MCBIT) ordinance treats a partnership as a taxable entity or as a conduit for the partners.

Plaintiff is a partnership composed of two partners: Good Samaritan Hospital and Medical Center and Health Systems Group. Both organizations are exempt from federal and state income taxes under IRC § 501(c)(3). The partnership conducts its business in Multnomah County. Defendant assessed MCBIT for 1988 and denied a refund of MCBIT for 1987 on the grounds that the partnership is a taxable entity.

The dispute arises because the provisions of MCBIT are not consistent. The ordinance defines "taxpayer" as "a person doing business in the county and subject to the tax." MCBIT § 5.70.010(G). The term "person" is defined to include partnerships. MCBIT § 5.70.010(F).

The ordinance defines "income" as the "net income of the taxpayer * * * required to be reported to the State of Oregon for personal income or corporation excise or income tax purposes." MCBIT § 5.70.015. Some of the definitions are ambiguous. For example, MCBIT § 5.70.020 states:

*"Tax-exempt income not income for purposes of this chapter."* (Emphasis in original.)

Whether this refers to income exempt under federal and state income tax laws or to income more specifically defined as exempt later in the ordinance is unclear.

The ordinance does indicate that no deduction shall be allowed to partnerships for compensation paid to owners rendering services; rather, it allows a limited fixed deduction calculated by a formula. This deduction is allowed even if no compensation is paid. MCBIT § 5.70.025(A). *See Garvey, Schubert & Barer v. Dept. of Rev.*, 12 OTR 355 (1992). Likewise, partnerships are allowed net operating loss carryover deductions. MCBIT § 5.70.030. These sections imply an intent to treat partnerships as taxpayers.

Because MCBIT imposes the tax on the "person" doing business and a partnership, by definition, is a person, logically the taxpayer is the partnership. If there is any doubt, the ordinance expressly provides:

"In the case of partnerships, [Subchapter] S Corporations, estates and trusts, the tax provided in this chapter shall be payable by the partnership, [Subchapter] S Corporation, estate or trust and not by the partners, shareholders or beneficiaries." MCBIT § 5.70.055.

Despite this rather specific direction, plaintiff contends the partnership is not taxable. Plaintiff argues that any interpretation must be consistent with the state and federal income tax systems upon which MCBIT is based. In plaintiff's views, defendant's position is inconsistent with state statutes which MCBIT incorporates by reference. For example, ORS 316.347 indicates that the income, gain, loss or deductions of a partnership have the same character for a partner for state income tax purposes as it does for federal income tax purposes. As plaintiff points out, "[t]his provision only has relevance to MCBIT if the character of income *to the partner* is relevant."

Plaintiff contends that MCBIT should have incorporated ORS 316.342 (later renumbered ORS 314.712) by reference. That statute provides:

"A partnership as such is not subject to the tax imposed by this chapter. Persons carrying on business as partners are liable for the tax imposed by this chapter only in their separate or individual capacities." ORS 316.342 (1987 Replacement Part.)

This provision was originally in MCBIT, deleted in 1976, and reinstated by reference in 1990. Although it was not in the ordinance for the years in question, plaintiff argues that the omission must have occurred because of "unintended sloppiness on the part of the drafting of MCBIT." Otherwise, plaintiff asserts, a literal reading gives an unreasonable result inconsistent with basic income tax concepts.

Regardless of the reason for the omission, the court cannot accept plaintiff's position. MCBIT § 5.70.055 is the very antithesis of ORS 316.342. This is not a matter of statutory interpretation. Plaintiff is asking the court to read into the statute something which is not there and, more importantly, which directly contradicts express provisions which are there.

The fact that the ordinance is not entirely consistent is not surprising. Nevertheless, it is not so unreasonable or inconsistent with either the state or federal income tax systems as to justify reading out of this statute its express provisions. Now, therefore,

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied; and

IT IS FURTHER ORDERED that intervenor's Motion for Summary Judgment is granted. Costs to neither party.