## CHARLES S. GAUGER, P.C.
*v.*
## DEPARTMENT OF REVENUE
*and*
## MULTNOMAH COUNTY,
*Intervenor*
(TC 3578)

Terrence Kay, Salem, represented plaintiff.

No appearance by defendant.

Peter Osborne, Portland, represented intervenor.

Decision for defendant rendered April 27, 1995.

**CARL N. BYERS, Judge.**

Plaintiff appeals the assessment of additional Multnomah County Business Income Tax (MCBIT) for the years 1986, 1987 and 1988. Plaintiff moved for summary judgment and Multnomah County intervened and defended. The legal issues were presented by counsel in written memoranda and telephonic oral arguments. The court finds there is no dispute of material facts.

### FACTS

Plaintiff is a professional corporation whose sole shareholder is an attorney. For the years in question, plaintiff elected to be taxed under subchapter S of the Internal Revenue Code; its qualification for this treatment is not at issue. Under that subchapter, a qualifying small business corporation can avoid income taxation at the corporate level.

The corporate income is passed through and taxed to the shareholders in much the same manner as a partnership.

During the years in question, a relatively small portion of plaintiff's income was paid to the attorney-shareholder as employee compensation. The greater portion of the income was passed through and taxed to the attorney as the sole shareholder of plaintiff.

MCBIT is an income tax, but it differs somewhat from the federal and state income tax schemes. Under MCBIT, the income tax is imposed on the partnership, S corporation, estate, and trust, rather than on the partners, shareholders and beneficiaries of those organizations. MCC 5.70.055.[1] Also, payments to owners or controlling shareholders of businesses are limited as deductions in computing taxable income. With regard to partnerships, a partnership is allowed a deduction equal to 75 percent of its income up to an amount equal to $50,000 times the number of owners. *See Garvey, Schubert & Barer v. Dept. of Rev.,* 12 OTR 355 (1992). With regard to corporations, the deduction is limited to 75 percent of the "compensation or interest" paid to each controlling shareholder up to a maximum of $50,000 for each controlling shareholder. MCC 5.70.025(B).

## ISSUES

(1)   Is the net income of an S corporation under MCC 5.70.015 the same as state taxable income under ORS 317.010(10)?

(2)   Does the compensation which is deductible under MCC 5.70.025(B) include the S corporation income which is passed through to the shareholders?

## ANALYSIS

MCC 5.70.015 provides:

"For the purposes of this chapter, unless the context requires otherwise: 'Income' means the net income of the taxpayer arising from any business as required to be reported to the State of Oregon for personal income or corporation excise or income tax purposes * * *."

---

[1] All references to the Multnomah County Code (MCC) are to provisions in effect for the years in question.

■    Plaintiff contends that MCBIT "net income" is the same as taxable income for state income tax purposes. Plaintiff argues that if an S corporation has no taxable income to report to the state, then it follows that it has no income taxable under MCBIT. However, that construction runs contrary to MCBIT's express intent to tax the business organization rather than the shareholders. Furthermore, the ordinance expressly provides "unless the context requires otherwise." MCC 5.70.015. This language requires the court to look to the purpose of the ordinance. The court cannot rely upon state and federal income tax systems because they do not tax S corporations and partnerships as entities. The context, if not the text of the ordinance, requires the tax on S corporations to be imposed on the corporate income before that income is passed through to the shareholders.

In its returns, plaintiff claimed the income that federal and state income tax laws deem passed through to shareholders as compensation or interest paid. This is contrary to the intent and language of MCC 5.70.025(B). That section expressly provides that the amount of the deduction may not exceed "the lesser of the actual compensation and interest *paid* or $50,000 for each controlling shareholder." (Emphasis added.)

Plaintiff argues that if the income is not exempt under the net income definition, then effectively all income which is deemed passed through to the shareholders should receive the benefit of the deduction under MCC 5.70.025(B). The language in subsection (B) of MCC 5.70.025 expressly limits the amounts to the "actual compensation and interest paid." S corporation income which is taxed to the shareholders may or may not be actually paid or distributed to the shareholders.[2]

The court finds that department's Opinion and Order No. 90-4068 assessing the additional Multnomah County business income taxes must be sustained. Now, therefore,

---

[2] The department's Opinion and Order No. 90-4068 indicates that the "corporation also had undistributed taxable income at the end of each year which was treated for tax purposes as if the income was actually distributed to the shareholder as a dividend."

IT IS ORDERED that plaintiff's Motion for Summary Judgment is denied; and

IT IS FURTHER ORDERED that judgment will be entered in favor of defendant and intervenor. Costs to neither party.